1  RALPH R. RIOS, ESQ., SBN 80585
   **RIOS & ASSOCIATES**
2  A Professional Law Corporation
   1499 Huntington Drive
3  South Pasadena, CA 91030
   Tel: (626) 583-1100
4  Fax: (626) 583-1475

5  Attorney for Plaintiff(s)
   PETER GONZALEZ

6
                    **UNITED STATES DISTRICT COURT**
7
                    **CENTRAL DISTRICT OF CALIFORNIA**
8

9                                          CASE NO. *Unassigned*

10 PETER GONZALEZ,                         **COMPLAINT FOR DAMAGES:**

11              PLAINTIFF,                  1. VIOLATION OF 42 U.S.C. § 1983
                                           AND THE FOURTH AMENDMENT
12 v.
                                           2. VIOLATION OF 42 U.S.C. § 1983 AND
13 SAN BERNARDINO COUNTY                   FOURTEENTH AMENDMENT
   SHERIFF POLICE
14 DEPARTMENT, COUNTY OF                   3. NEGLIGENCE
   SAN BERNARDINO, and DOES
15 1-10, in their official capacity as     4. ASSAULT
   Police Officers for the County of
16 SAN BERNARDINO,                         5. BATTERY

17                                         6. VIOLATION OF STATE CIVIL
                                           RIGHTS ( CIV CODE § 52.1)
18
                                           7. INTENTIONAL INFLICTION OF
19              DEFENDANTS.                EMOTIONAL DISTRESS

20                                         8. FALSE ARREST & IMPRISONMENT

21                                         [DEMAND FOR JURY TRIAL]

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY STATEMENT**

Plaintiff , PETER GONZALEZ, individually by and through his attorney, RALPH R. RIOS, Esq. for their complaint against the Defendants, state as follows against the Defendants jointly and severally:

**INTRODUCTION**

1.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, by Plaintiff for violations of their constitutional and state rights by the San Bernardino County Sheriff's Department by and through its employees identified herein as DOES 1-10.

**JURISDICTION AND VENUE**

2.      This action is brought pursuant 42 U.S.C. §§ 1983, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 29 U.S.C. §§1331 and 1343(1), (2), (3) and (4), and the aforementioned statutory and Constitutional provisions.

3.      Venue is proper in the Eastern Division of the Central District of California.  All acts alleged herein occurred on 22311 Lark St. in the city of Grand Terrace, county of San Bernardino CA .

**PARTIES**

4.      Plaintiff PETER GONZALEZ  is an innocent victim in this case who was brutally assaulted by the San Bernardino Sheriff Department. Plaintiff Peter Gonzalez is a California resident residing in the City of Highland, CA

5.      Upon information and belief, Defendants Does 1-5 were, at all times

relevant herein, the police officers for the San Bernardino County Sheriff Department who were responsible for hiring of the deputies that injured the Plaintiff. The true name and identity of defendants Does 1-5 are presently unknown to Plaintiff. Plaintiff will seek to amend this complaint as soon as the true name and identity of Does 1-5 is ascertained. At all times relevant herein, each of the individual Defendants DOES 1-5 herein were acting under the color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of San Bernardino Sheriff Department , and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the SAN BERNARDINO SHERIFF DEPARTMENT at all times relevant herein with the power and authority vested in them as officers, agents and employees of the SAN BERNARDINO SHERIFF DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of the SAN BERNARDINO SHERIFF DEPARTMENT .

6.     Upon information and belief, Does 6-8 were at all times herein individuals working at the police officers for the San Bernardino County Sheriff Department responsible for, and the chief architects of, the policies, practices and customs of San Bernardino County Sheriff's Department. as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the police officers and supervisors under their command. The true name and identity of defendants Does 6-8 are presently unknown to Plaintiff. Plaintiff will seek to amend this complaint as soon as the true name and identity of Does 6-8 is ascertained.

7.     At all times relevant herein, each of the individual Defendants DOES

9-10 herein were acting under the color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of SBCSD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. Does 9-10 were additional members who were deliberately indifferent to the PLAINTIFF'S  They were acting for and on behalf of the SCSD at all times relevant herein with the power and authority vested in them as officers, agents and employees of the SBCSD  and incidental to the lawful pursuit of their duties as officers, employees and agents of the SBCSD.

8.     Upon information and belief at all the times hereinafter mentioned the San Bernardino County Sheriff's Department  (hereinafter referred to as "), is a municipal entity duly organized and existing under and by the virtue of the laws of the State of California.

9.     The SBCSD, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of California and is responsible for the policies, practices and customs of the SBCSD  as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10.     Plaintiff is informed and believe and based thereon alleges that at all times material herein, DOES 1-10, were the officers who initiated the assault with excessive force on the Plaintiff and at the time were duly appointed and acting SBCSD employed as such by the defendant SBCSD at the time of the acts hereinafter complained of, and at all times herein, each said defendant was acting in the course and scope of such employment and acting under color of state law. Plaintiff sue these defendants in both their official and individual capacities.

11.     Defendant COUNTY OF SAN BERNARDINO ("COUNTY")  is liable for the nonfeasance and malfeasance of Defendants DOES 1-10 for Plaintiff's state law claims pursuant to Cal. Govt. Code Section 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.")

12.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under Federal Law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983. That each and all of the acts of the defendants alleged herein were done by the defendants, as state actors acting under the color of law.

## STATEMENT OF FACTS

13.     On or about October 03, 2018, Plaintiff PETER GONZALEZ , was unjustly assaulted and attacked by SAN BERNARDINO SHERIFF DEPARTMENT while visiting a friend 's home.

14.     Plaintiff was visiting a friend and working on his girlfriend's car in the garage of the home 22311 Lark Street Grand Terrace CA 92313.

15.     Plaintiff was approached by an unknown named deputy from the San Bernardino Sheriff Department and asked "Hey are you Dave" to which Plaintiff responded "Sir I am not" he replied "Who the fuck are you then?" Plaintiff gave him his name Peter Gonzalez.

16.     Plaintiff noticed the unknown deputy direct himself towards his

girlfriend and Plaintiff went inside the house. Plaintiff was unaware
of any form detention or arrest.

17. After Plaintiff's contact with the Department of San Bernardino Sheriff
he remained in the home and approximately five minutes later the same
deputy came to the front door.

18.  Plaintiff then made his way out of the home through the sliding door
that led to the backyard.  The unknown deputy forced his way into the home
to chase plaintiff.

19. Plaintiff heard the command of the deputy and complied with his hands
raised and saw the Deputy coming at him in full force in a football tackle.
The unknown deputy used unnecessary force to complete his arrest. Plaintiff
never resisted.

20. Plaintiff was severely assaulted and suffered broken arms and elbow
fractured and numerous contusions all over his body.

21. Plaintiff was transported to the local hospital wherein he had diagnostic
test that indicated a hairline fracture to Plaintiff's elbow. Plaintiff would
later find out weeks later that his injury was much more severe than was
diagnosed and on October 17, 2018 he has reconstructive surgery to his
elbow and his hands.

22. Plaintiff was told by the physicians that they could not guarantee the full
use of his arm and that he has serious ripped tendons in his hands.

23. Plaintiff has extensive damage to both bilateral arms and hands and
back. Plaintiff had a total of 22 staples as a result of the reconstructive
surgery and can not use his arm to full capacity.

24.     Due to his persistent pain, Plaintiff sought treatment at local hospitals and clinics , where the Plaintiff had treatment, for two to three times per week for approximately three months. Plaintiff still has not fully recovered from the injury and still suffers from severe pains on elbows hands and back.  In addition, Plaintiff has been left with remarkable scarring.

25.     Not only did the SBSD officers at the location fail to provide a clear reason to be at the home and  after Plaintiff complied with the officers orders. There was no reason to assault and arrest Plaintiff. Plaintiff  was now paying the price. At no time did Plaintiff present any threat to any officer. He was compliant. He did not commit any wrong acts.

26. . Not only did Plaintiff unjustly sustain injuries leaving him permanently scarred and psychologically traumatized, Plaintiff was complying with the officer and presented absolutely no threat at any time.

27.     At no time during the course of these events did PETER GONZALEZ pose any reasonable threat of violence, nor did he do anything to justify the excessive, unnecessary, and unlawful force used against him.

28.      Instead of SBCSD officers taking responsibility for their disgraceful and unjustified actions towards Plaintiff, SBCSD arrested Plaintiff on false charges.

29.     Both prior to and during the time in which PETER GONZALEZ was was not armed with any kind of weapon, and posed no reasonable threat of violence to any officer, or to any other individual. Plaintiff's abuse constituted a violation of Plaintiff's State and Federal Constitutional rights in that at the time the Deputy

attacked Plaintiff. These aforementioned violations of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by the DEFENDANT officers identified herein as DOES 1-10, while acting under color of law and pursuant to customs, policies and/or procedures are all in violation of 42 U.S.C. §1983 and the laws of the State of California was objectively unreasonable and constituted an unreasonable seizure within the meaning of the Fourth and Fourteenth Amendment and consequently, a violation of 42 U.S.C.§1983.

## FIRST CAUSE OF ACTION
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA UNLAWFUL
SEIZURE AND THE USE OF EXCESSIVE AND UNREASONABLE FORCE
(By Plaintiff against DOE SCSD POLICE OFFICERS, 1-10, INCLUSIVE)

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-29 with the same force and effect as if more fully and at length set forth herein.

31.     The Fourth Amendment to the United States Constitution guarantees all persons the right to be free from unlawful seizure or arrest in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right. The Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to an unlawful seizure and excessive and unreasonable force by the DEFENDANT and deputies identified herein as DOES 1-10, who assaulted plaintiff.

32.     On October 3, 2018 the SCSD deputies identified as DOES 1-10 seized PLAINTIFF GONZALEZ when they intentionally assaulted him. At

the time of the seizure, Defendants had no information that GONZALEZ had committed any crime, no information that GONZALEZ was a threat to any officer or any other person, and did not see GONZALEZ in possession of any illegal objects, contraband or weapons. GONZALEZ was complying with all orders.

33.     Nonetheless, GONZALEZ was seized without probable cause and/or any warning that a police had a right to be at the residence and Plaintiff to be questioned. There were no exigent circumstances to justify the seizure because GONZALEZ was neither in the process of committing nor had he committed any crime. GONZALEZ had not threatened and was not a threat to any officer or any other person. Regardless, GONZALEZ submissively complied with the officer's orders to lay face down with his hands behind his back.

34.     The conduct of the SCSD on October 3, 2018 violated GONZALEZ right to be free from unlawful seizure or arrest, which is guaranteed to him by the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment when police used excessive force when arresting GONZALEZ , causing him serious injuries and trauma.

35.     DOES 1-10 were integral participants and failed to intervene with respect to the other officers' unlawful seizure or arrest of GONZALEZ despite opportunity to do so.

36.     As a direct result of GONZALEZ injuries, Plaintiff has suffered extensive injuries to his left arm.

37.     Plaintiff is entitled to an award of punitive damages, and that an award of Attorney's fees and cost of suit is appropriate pursuant to 42 U.S.C. §1988.

38.     Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is

1   liable for the nonfeasance and malfeasance of Defendants DOES 1-10 for

2   Plaintiff's state law claims pursuant to Cal. Govt. Code Section 815.2(a).

3   ("A public entity is liable for injury proximately caused by an act or

4   omission of an employee of the public entity within the scope of his

5   employment if the act or omission would, apart from this section, have

6   given rise to a cause of action against that employee or his personal

7   representative.")

8

9

10

11   **SECOND CAUSE OF ACTION**

12   VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO

13   42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH

14   AMENDMENTS

15   VIA EXCESSIVE FORCE

16   (By Plaintiff against  DOE SCSD POLICE OFFICER, 1-10)

17

18   39.    Plaintiff repeats, reiterates and realleges each and every allegation

19   contained in paragraphs 1-38 with the same force and effect as if more fully

20   and at length set forth herein.

21   40.    The Fourth Amendment of the United States Constitution guarantees

22   all persons the right to be free from excessive force during the course of an

23   arrest in violation of their right to privacy. 42 U.S.C. § 1983, as made

24   applicable to the states via the Fourteenth Amendment to the United States

25   Constitution, provides a private right of action for conduct, which violates

26   this right.

27   41.    On October 3, 2018, DEFENDANTS  used excessive force against

28

GONZALEZ. The following factors are relevant when ascertaining whether the force used is excessive; the severity of the crime or other circumstances to which the officers were responding; whether the plaintiff posed an immediate threat to the safety of the officers or to others; whether the decedent was actively resisting arrest or attempting to evade arrest by flight' the amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary ; the type and amount of force used; and the availability of alternative methods to take the suspect into custody.

42. Furthermore, the defendants confined the plaintiff, in that plaintiff was not free to leave. Defendants intended to confine plaintiff. Plaintiff was conscious of confinement, plaintiff did not consent to confinement and confinement was not otherwise privileged.

43.     At the time,  Defendants had no information that GONZALEZ  had committed any crime, no information that GONZALEZ  was a threat to any officer or any other person, and did not see GONZALEZ  in possession of any illegal objects, contraband or weapons. Nonetheless, GONZALEZ  was seized without probable cause and/or any warning. There were no exigent circumstances to justify the seizure because GONZALEZ was neither in the process of committing nor had he committed any crime. GONZALEZ  had not threatened and was not a threat to any officer or any other person. Regardless, GONZALEZ  submissively complied with the officer's orders to lay face down with his hands behind his back.

44.     DOES 1-10 were integral participants and failed to intervene with respect to the other officers' unlawful seizure or arrest of GONZALEZ despite opportunity to do so.

45.     As a direct result of GONZALEZ injuries, Plaintiff has suffered

1    extensive injuries to his left arm.

2    46.    Plaintiff is entitled to an award of punitive damages, and that an

3    award of Attorney's fees and cost of suit is appropriate pursuant to 42

4    U.S.C. §1988.

5

6

7                          **THIRD CAUSE OF ACTION**

8                                NEGLIGENCE

9                        (By Plaintiff against All Defendants)

10    47.    Plaintiff repeats, reiterates and realleges each and every allegation

11    contained in paragraphs 1-46 with the same force and effect as if more fully

12    and at length set forth herein.

13    48.    Police officers owe a duty to act as a reasonably prudent person

14    under the circumstances when executing their duties in their official

15    capacities. Hayes v. County of San Diego, 2011 WL982472 (opinion

16    withdrawn on denial of rehearing by Hayes v. County of San Diego, 9th Cir

17    (CAL.) June 14, 2011; Hernandez v. City of Pomona, 46 Cal. 4th 510 (Cal.

18    2009).

19    49.    DOES 1-10 breached their duty of care when they used excessive

20    force against GONZALEZ  by assaulting him without warning when

21    GONZALEZ was unarmed, was not a suspect and did not pose any threat to

22    any officers or any other person, had committed no crime.

23    50.    The negligent and intentional acts and omissions of DOES 1-10

24    caused GONZALEZ extensive injuries in violation of their duty to act

25    reasonably and to protect and preserve human life in a professional manner.

26    The conduct of Defendants were malicious, oppresive and with reckless

27    disregard for the Plaintiff, and therefore Plaintiff is entitled to punitive

28

1  damages from these defendants individually.

2  51.    As a result of the excessive force against GONZALEZ, he

3  experienced severe pain and suffering, as well as trauma.

4  52.    Plaintiff is entitled to an award of punitive damages, and that an

5  award of Attorney's fees and cost of suit is appropriate pursuant to 42

6  U.S.C. §1988.

7  53. Defendant COUNTY OF SAN BERNARDINO ("COUNTY")  is liable

8  for the nonfeasance and malfeasance of Defendants DOES 1-10 for

9  Plaintiff's state law claims pursuant to Cal. Govt. Code Section 815.2(a).

10  ("A public entity is liable for injury proximately caused by an act or

11  omission of an employee of the public entity within the scope of his

12  employment if the act or omission would, apart from this section, have

13  given rise to a cause of action against that employee or his personal

14  representative.")

15

16

17             **FOURTH CAUSE OF ACTION**

18                    ASSAULT

19         (By Plaintiff against ALL DEFENDANTS and DOES 1-10)

20  54.    Plaintiff repeats, reiterates and realleges each and every allegation

21  contained in paragraphs 1-53 with the same force and effect as if more fully

22  and at length set forth herein.

23  55.    Defendants intentionally, willfully, wantonly, and maliciously

24  attacked Plaintiff for a prolonged amount of time.

25  56.    At no time did Plaintiff consent to any of Defendants' conduct.

26  57.    Plaintiff incurred physical and emotional injuries as a result of

27  Defendants' conduct.

28

58.    Plaintiff alleges that the acts of the individual Defendants were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

59.    As a direct and legal result of Defendants' acts and omissions, Plaintiff has suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, attorneys' fees, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

**FIFTH CAUSE OF ACTION**

BATTERY

(By Plaintiff against ALL DEFENDANTS and DOES 1-10)

60.    Plaintiff repeat, reiterates and realleges each and every allegation contained in paragraphs 1-59 with the same force and effect as if more fully and at length set forth herein.

61.    California law prohibits battery by police officers. A battery occurs when a police officer intentionally touches another person, uses unreasonable force against another person, when the person does not consent to the use of that force, when the person is harmed, and when the officer's use of unreasonable force is the proximate cause of the harm.

62.    On October 3, 2018, Defendants intentionally caused GONZALEZ to be battered by the deputy even though Plaintiff was unarmed, did not try harm any police officer or any other person, and was not committing any crime nor trying to escape.

63.    GONZALEZ did not consent to the officer's use of force upon him

- 14 -

64.    By committing assault and battery  GONZALEZ , Defendants caused the Plaintiff's injuries.

65.    As a result of GONZALEZ  injuries, the Plaintiff has experienced severe pain and suffering as well as trauma, wage loss, and medical expenses.

66.     Plaintiff is entitled to an award of punitive damages, and that an award of Attorney's fees and cost of suit is appropriate pursuant to 42 U.S.C. §1988.

67.     Defendant COUNTY OF SAN BERNARDINO ("COUNTY")  is liable for the nonfeasance and malfeasance of Defendants DOES 1-10 for Plaintiff's state law claims pursuant to Cal. Govt. Code Section 815.2(a). ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.")


### SIXTH CAUSE OF ACTION

VIOLATION OF STATE CIVIL RIGHTS

CIVIL CODE §52.1

[By plaintiff against DEFENDANT

COUNTY OF SAN BERNARDINO  and  DOES 1-10, inclusive]

68.    Plaintiff realleges and incorporates by reference each and every allegation set forth above as though fully set forth herein.

69.    The acts of Defendant Police officers and DOES 1-10, jointly and individually violate the Tom Bane Civil Rights Act as codified in California

Civil Code Section 52.1 et seq. in that Defendants have interfered with or attempted to interfere with Plaintiff's exercise and/or enjoyment of rights secured by the Constitution and laws of the United States and the Constitution and laws of the State of California particularly Plaintiffs' rights against excessive force, due process, unlawful seizure, and/or malicious prosecution by threatening or committing violent acts.

70.     That Defendants' aforesaid conduct violated Plaintiffs due process and equal protection rights as guaranteed by Article 1 § 7 of the California State Constitution, and further violated Plaintiff s rights as guaranteed by Article 1 § 17 of the California State Constitution.

71.     The conduct of Defendant deputies and DOES 1-10, as described above, while acting in the course and scope of their employment for defendant COUNTY violated California Civil Code Section 52.1 et seq, in that they interfered with plaintiff's exercise and enjoyment of his Civil Rights, as enumerated above, through the wrongful arrest, and use of force on Plaintiff.

72.     As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiff suffered a violation of his constitutional rights, and suffered damages as set forth herein.

73.     Since said conduct of said defendants occurred in the course and scope of their employment, defendant COUNTY OF SAN BERNARDINO is therefore liable to plaintiff pursuant to *respondeat superior.*

74.     Plaintiff is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1.

75.     The conduct of Defendant DOES 1-10, was malicious, oppressive, and despicable, and was done in conscious disregard of Plaintiff's rights,

such that Plaintiff is entitled to an award of punitive damages in an amount
sufficient to punish and make an example of said Defendants pursuant to
California Civil Code Section 3294(d) in an amount according to proof.

## SEVENTH CAUSE OF ACTION

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(AGAINST ALL DEFENDANTS)

76.    Plaintiff alleges each and every allegation above with the same force
and effect as if more fully and at length set forth herein.

77.    Defendants' conduct, as described above was extreme and
unwarranted.

78.    Defendants' conduct was done with the intention of causing or with a
reckless disregard of the probability of causing emotional distress on the
Plaintiff.

79.    Plaintiff did in fact suffer severe and extreme emotional distress.
Plaintiff continues to experience flashbacks and nightmares due to his
paranoia and fear of the police.

80.    Defendants' conduct was the actual and proximate cause of Plaintiff's
emotional distress.

81.    Plaintiff is entitled to damages according to proof at trial, and is
entitled to punitive damages against the individual defendants.

## EIGHTH CAUSE OF ACTION
**FALSE ARREST AND FALSE IMPRISONMENT**

[By plaintiff against COUNTY OF SAN BERNARDINO and  DOES 1-10, inclusive]

82.    Each of the Paragraphs above are incorporated by reference as though fully set forth.

83.     PLAINTIFF was wrongfully, unlawfully, and unjustifiably detained and held which  deprived PLAINTIFF of his liberty against his will, and was imprisoned by Defendant COUNTY OF SAN BERNARDINO SHERIFF DEPUTIES identified as DOES 1-10 (SCENE DEFENDANTS).

84.     At all relevant times, these SCENE DEFENDANTS acted forcibly in apprehending PLAINTIFF without reasonable cause.

85.     The wrongful, unjustifiable, and unlawful apprehension, arrest detention and imprisonment was carried out without, consent,  a warrant, exigent circumstances or probable cause.

86.     At all times mentioned, the unlawful, wrongful, and false arrest and imprisonment of PLAINTIFF was without right  and was forcible and against Plaintiff's will.

87.     All of the foregoing occurred without any fault or provocation on the part of PLAINTIFF.

88.     At all relevant times  SCENE DEFENDANTS,  who were responsible for the false arrest and imprisonment of PLAINTIFF, were employees of the COUNTY OF SAN BERNARDINO  SHERIFF'S DEPARTMENT and were acting for, upon and in furtherance of the business of their employers and within the scope of their employment.

83.     As a result of the false arrest and imprisonment, PLAINTIFF was subjected to humiliation, ridicule, extreme pain, scarring and disgrace.

- 18 -

## PRAYER

WHEREFORE, PLAINTIFF for each and every cause of action above, demands the following relief, jointly and severally, against all the defendants;

1.    Compensatory general and special damages, including loss of earnings, deferred compensation, bonuses, vacation and other employment and medical benefits; other special and general damages according to proof in an amount in accordance with proof;

2.    For punitive damages against all defendants in an amount according to proof at time of trial

3. For interest, including prejudgement interest, at the prevailing legal rate;

4.    Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988 Costs of suit necessarily incurred herein;

5.    Prejudgment interest according to proof; and

6.    Such further relief as the Court deems just or proper.

Dated: August 13, 2019                    RIOS & ASSOCIATES

A Professional Law Corporation

By: _____

RALPH M. RIOS

Attorneys for PLAINTIFF

PETER GONZALEZ

1

**DEMAND FOR JURY TRIAL**

2

PLAINTIFF  requests that the present matter be set for jury trial.

3

4

5

6

7

8    Dated: August 13, 2019              RIOS & ASSOCIATES

9                                        A Professional Law Corporation

10                             By:    _____

11                                        Ralph M. Rios

12                                        Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28